UNITED STATES of America v. VAN
RIPER et al.

No. 8968.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 18, 1946.
Decided March 21, 1946.

John J. Clancy, of Newark, N. J. (Martin F. O'Connor, of Elizabeth, N. J., on the brief), for appellant.

Edgar H. Rossbach, of Newark, N. J., for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The appellant, Imperial Service Stations, Inc., John Praml and Walter D. Van Riper were charged with violations of regulations issued by the Office of Price Administration under the First War Powers Act, §§ 2(a) (2) and 2(a) (5), as amended by the Second War Powers Act, § 301, 50 U.S.C.A.Appendix, § 633. Van Riper was acquitted and Praml, pleading guilty, gave evidence on behalf of the United States. The appellant contends that it was wrongfully convicted because, it says, knowledge of Praml's illegal acts in connection with the purchase and sale of gasoline at the appellant's gas station of which he was manager, was not brought home to it and the acts committed by Praml were not within the scope of his authority.

An examination of the record shows the appellant's contention to be without merit. The evidence justified the jury in concluding that Praml's illegal acts were within the scope of his authority and in view of this circumstance it is futile to contend that knowledge of the crimes was not brought home to the corporation. The appellant's contention is all the more singular since at the trial Van Riper, the appellant's acting head, contended that Praml had full authority to conduct the gas station and that he, Van Riper, in effect delegated that power to the manager.

The appellant also contends that the charge of the court was improper in that the jury was instructed that if it found that Praml caused the corporation to violate the law " * * * then the corporation can be held liable even though the officers and directors of the corporation were ignorant of what actually was done. * * *." The record shows that the appellant's corporate organization went little beyond the procuring of a charter. The record demonstrates that Van Riper inspired the creation of the corporation and that he and members of his family owned all of the stock. He testified in substance that he had nothing to do with the corporation's activities but he insisted vigorously, as we have stated, that Praml had full authority to conduct the gas station. Under these circumstances

the charge of the learned trial judge was sufficient. Otherwise a corporation could escape criminal liability by the simple expedient of the persons responsible for its corporate existence and management failing to perform the functions imposed upon them by corporation law.

The judgment is affirmed.

CLARK, Circuit Judge, dissenting.